MICHAEL SCHWARTZBERG, ESQ. (MS 5043)
72 BURROUGHS PLACE
BLOOMFIELD, NJ 07003
(973) 743-7733
Attorney for Debtor/Defendant

_____

In Re:

**ROBERT J. KIRNER**

            Debtor,

_____

**JENNIFER BARNAVE**

            Plaintiff,

        vs.

**ROBERT KIRNER**

            Defendant

_____

:  UNITED STATES BANKRUPTCY COURT
:  DISTRICT OF NEW JERSEY
:  CHAPTER 7
:
:  CASE NO. 08-25977 MS
:
:
:
:
:
:
:
:  ADV. PRO. NO. 08-3021
:
:
:
:  **DEFENDANT'S TRIAL SUBMISSION**

Witnesses:

Robert Kirner, 115 Eileen Drive, Cedar Grove, New Jersey
Qasim Insurance, 34 Prospect Street, East Orange, New Jersey

Exhibits:

None at this time.

Statement of Facts and Legal Argument:

This is no-asset Chapter 7 bankruptcy case. The debtor filed the within Chapter 7 petition on August 25, 2008. The debtor received a Discharge on November 21, 2008.

1

The debtor, Robert Kirner, was an insurance agent and the owner of Kirner Insurance Agency, Inc. A portion of his business was the issuance of automobile policies.

At one point in time, State of New Jersey advised the debtor that he was no longer authorized to write insurance policies. The debtor was therefore forced to wind the down the business. During the wind down period, the debtor wrote up the insurance applications and brought them to Qasim Insurance who had a valid insurance license. The policies were then submitted by Qasim Insurance in his name. All existing and prospective clients were clearly advised of this.

It was during this period that the plaintiff Jennifer Barnave requested an automobile insurance policy from the debtor. The debtor wrote up the application and explained to Ms. Barnave that the application and fee were going to be given to Qasim Insurance. Ms. Barnave consented. Ms. Barnave signed the application and gave cash to the debtor, who then gave the application and money to Qasim Insurance.

What happened thereafter is unclear. However, it appears that the policy was never issued to Ms. Barnave. In the interim, she was involved in an automobile accident in which there was obviously no coverage.

On December 22, 2008 the plaintiff has filed the within complaint to determine dischargeability pursuant to Bankruptcy Code Sections 523(a)(2) and 523(a)(4).

The plaintiff sues under Bankruptcy Code Section 523(a)(2)(A), which states:

(a) A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt—
    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

In order to prevail on a complaint to except from a discharge money obtained by false pretenses or fraud, the plaintiff must prove the following:

1. that the debtor obtained money through a material misrepresentation;
2. the debtor knew the representation was false or reckless at the time it was made;
3. the debtor intended to deceive the plaintiff;
4. the plaintiff justifiably relied upon the misrepresentation; and
5. the plaintiff sustained damages as a result.

*In re Hurley*, 285 B.R. 871 (D.N.J. 2002); *In re Santos*, 304 B.R. 639 (D.N.J. 2004); *In re Casini*, 307 B.R. 800 (D.N.J. 2004).

The plaintiff must prove these elements by a preponderance of the evidence. *In re Brower*, 348 B.R. 507 (Bkrtcy.D.Ariz. 2006*); In re Cooke*, 335 B.R. 269 (Bkrtcy.D.Conn. 2005); *In re Parker*, 377 B.R. 371 (Bkrtcy.M.D.Fla. 2006); *In re Tanner*, 365 B.R. 217 (Bkrtcy.N.D.Ala. 2007);

The existence of fraud may only be inferred where the totality of the circumstances presents a picture of deceptive conduct by the debtor which indicates that he intended to deceive the plaintiff. *In re Mathis*, 360 B.R. 662 (Bkrtcy.C.D.Ill. 2006).

The plaintiff also sued in Bankruptcy Code Section 523(a)(4), which states:

> (a) A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt—
>   (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

Under Bankruptcy Code Section 523(a)(40, "Defalcation" has been described as the "failure to produce funds entrusted to a fiduciary and applies to conduct that does

3

not necessarily reach the level of fraud, embezzlement or appropriation." L. King, 4 Collier on Bankruptcy ¶ 523.10[1][b]. Mere negligent breach of a fiduciary duty will not constitute defalcation in the bankruptcy context. *Eisenberg v. Harsch* (*In re Eisenberg*), 189 B.R. 725,730 (Bankr.E.D.Wis.1995).

In order to find a debt nondischargeable under § 523(a)(4) due to defalcation, wethe plaintiff must prove by a preponderance of the evidence of the following: (1) a pre-existing fiduciary relationship; (2) breach of that fiduciary relationship; and (3) a resulting loss. *R.E. America, Inc. v. Garver (In re Garver)*, 116 F.3d 176, 178-79 (6th Cir.1997).

In the case at bar, the debtor wrote up the application and explained to Ms. Barnave that the application and fee were going to be given to Qasim Insurance. Ms. Barnave consented. Ms. Barnave's answers to interrogatories admit this. At no time did the debtor ever represent that he would make the application through his own agency or that he would give Ms. Barnave a binder. Ms. Barnave signed the application and gave cash to the debtor, who then gave the application and money to Kaseem.

Apparently, it is the plaintiff's contention that the debtor failed to give the application and the money to Qasim Insurance. However, the debtor gave the application and the money to Qasim Insurance as he had done on many occasions prior and since. The debtor obtained and insurance ID from Qasim Insurance which he gave to Ms. Barnave. If insurance was, in fact, not placed then the negligence lies with Qasim Insurance and not the debtor.

4

Based on the foregoing, the plaintiff cannot meet its burden. The complaint should be dismissed with prejudice.

Respectfully submitted,

*/s/ Michael Schwartzberg*

_____
MICHAEL SCHWARTZBERG, ESQ.

Dated: November 24, 2009